

FILED

MAY 25 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JIMMY EUGENE SIMONS, #1066952,

Petitioner,

v.

2:10CV24

GENE M. JOHNSON, Director
Virginia Dep't of Corrections,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

### I. STATEMENT OF THE CASE

On October 7, 1997, in the Circuit Court of York County, Virginia, petitioner Jimmy Eugene Simons ("petitioner" or "Simons") pleaded guilty to unlawful use of tear gas in violation of Virginia Code § 18.2-312, and grand larceny in violation of Virginia Code § 18.2-95(2). On November 25, 1997, Petitioner was sentenced to a total of thirteen years imprisonment. The sentencing court suspended eleven years and six months of the sentence on the condition that Simons be of good behavior for fifteen years from his release from confinement.

---

[1] This action was initially assigned to United States Magistrate Judge James E. Bradberry, who retired effective January 31, 2010. On February 1, 2010, this action was reassigned to Judge Bradberry's duly appointed successor, United States Magistrate Judge Douglas E. Miller, who was appointed effective February 1, 2010.

After Simons's conviction, the Commonwealth discovered that he had assumed the identity of his brother, Gary Simons, and was convicted and sentenced under that name, in order to prevent the court from examining his criminal record. Accordingly, on April 17, 2001, the Circuit Court of York County entered an Order Remedying a Fraud Upon the Court in which all records were amended to substitute the name and identifying information of petitioner wherever the name of Gary Simons formerly appeared. In addition, petitioner's sentences were vacated and a new sentencing proceeding was ordered. On August 14, 2001, a re-sentencing hearing was conducted and Simons was sentenced to a total of fifteen years imprisonment. The sentencing court suspended twelve years of the sentence on the condition that Simons be of good behavior for twenty years from his release from confinement.

On September 12, 2001, Simons filed a notice of appeal of the re-sentencing. On July 9, 2003, the Court of Appeals of Virginia denied the appeal. On December 1, 2003, a three-judge panel of the Court of Appeals denied the appeal. Petitioner's appeal to the Supreme Court of Virginia was refused on April 7, 2004.

Simons was release on probation but on October 14, 2004, he was found to be in violation of his probation, and his suspended sentence of twelve years and probation were revoked. The state court then suspended the twelve years again with the condition that petitioner enter into and successfully complete the Youth Challenge Hope Center Program. On July 15, 2008, Simons again violated his probation and the court again revoked his suspended sentence and probation. This time Simons was sentenced to twelve years imprisonment. He did not appeal the July, 2008 revocation.

Simons filed a petition for writ of habeas corpus in the Supreme Court of Virginia on October 16, 2009. The state petition attacked the 1997 convictions and the 2001 re-sentencing,

and alleged three grounds for relief: (1) due process violations; (2) prosecutorial misconduct; and (3) ineffective assistance of counsel. The Virginia Supreme Court dismissed the petition on November 16, 2009.

On December 22, 2009, Simons, proceeding pro se, filed this petition for habeas relief pursuant to 28 U.S.C. § 2254.[2] (Doc. #1). In the petition, Simons asserts that his due process rights were violated by the Supreme Court of Virginia in adjudicating his state habeas petition. Specifically, he claims that the Supreme Court of Virginia erred in its application of Virginia's habeas limitation provision found in Virginia Code § 8.01-654(A)(2).[3] On February 1, 2010, respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support. (Doc. #'s 3-5). Petitioner responded on February 17, 2010. (Doc. #'s 7). At the Court's direction, respondent requested certified records from the trial court, the Court of Appeals, and the Supreme Court of Virginia, the last of which were received on March 22, 2010. Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

---

[2] The petition was received by the Richmond Division on January 6, 2010, and filed in the Norfolk Division on January 11, 2010. However, the petition was signed on December 22, 2009 and it is, therefore, deemed filed on that date. See Rule 3(d), Rules Governing Section 2254 Cases; Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that motions filed by pro se prisoners are generally deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

[3] Section 8.01-654(A)(2) provides:

> A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence, except as provided in 8.01-654.1 for cases in which a death sentence has been imposed, shall be filed within two years from the date of final judgement in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

3

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, there was no statutory time limit for filing a habeas corpus petition. Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. 28 U.S.C. § 2244(d)(1); see Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has one year to file a petition for a writ of habeas corpus. As relevant here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time period during which state post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2244(d)(2).

In the present case, Simons contends that, under Virginia Code § 8.01-654, he had two years from July 15, 2008--the date of his second revocation hearing--to file a state habeas petition. Therefore, according to Simons, his state habeas petition filed on October 16, 2009 was timely, and the Supreme Court of Virginia erred in dismissing the petition. In its Motion to Dismiss, respondent contends that the federal petition presently before this Court is time-barred under § 2244(d)(1) and, further that petitioner's claims are without merit.

The Court has fully reviewed the record in this case, including Simons's state habeas petition. In that petition, Simons is clearly attacking the validity of the 1997 convictions and 2001 re-sentencing, not the 2008 revocation of his suspended sentence and probation. The Virginia Supreme Court dismissed the petition as untimely pursuant to Virginia Code § 8.01-654(A)(2). In

4

the federal habeas petition before the Court, Simons contends that all limitation periods (both state and federal) run from the date judgment became final in the 2008 revocation.

Simons is seeking to circumvent the limitations period set forth Virginia Code § 8.01-654. However, this Court may not review the merits of petitioner's claims because his federal petition was filed outside the one-year federal statute of limitations. The Order of Revocation entered by the Circuit Court of York County was filed July 15, 2008.[4] Therefore, Simons had thirty days from July 15, 2008--until August 14, 2008--to note his appeal to the Virginia Court of Appeals, but did not do so. See Va. Sup. Ct. R. 5A:6(a). Accordingly, judgment against him on the revocation became final on August 14, 2008, the day on which his time to note an appeal to the Court of Appeals expired.

Simons then had one year from August 14, 2008--until August 14, 2009--to file his federal habeas petition. 28 U.S.C. § 2244(d)(1). Simons did not file his federal habeas petition until December 22, 2009, which was more than one year after judgment became final.[5]

Simons does not argue that he is entitled to equitable tolling; however, the Court finds that no circumstances exist in this case sufficient to invoke equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling is "reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against a party and gross injustice would result").

---

[4] The Court notes that the parties disagree on what date judgment was entered. Petitioner uses the date of the revocation hearing--July 15, 2008. Respondent uses the date the Order of Revocation was signed--July 22, 2008. Because the Circuit Court record indicates that the Order of Revocation was deemed filed on July 15, 2008, this Court agrees with petitioner and uses that date in calculating the date judgment became final for purposes of petitioner's federal habeas petition.

[5] Furthermore, because Simons filed his state petition outside the one-year limitations period--on October 16, 2009--he is not entitled to any tolling under § 2244(d)(2).

## III. RECOMMENDATION

Because Simons's federal petition for habeas relief was not filed within the time permitted by 28 U.S.C. § 2244(d)(1), the Court recommends that the petition be DENIED as barred by the statute of limitations, and respondent's Motion to Dismiss be GRANTED.

Furthermore, Simons has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller

Douglas E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 25, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Jimmy Eugene Simons, #1066952
Lunenburg Correctional Center
285P Highway 49
P.O. Box 1424
Victoria, VA 23974

Thomas D. Bagwell
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

__MAY 25_____, 2010

8